**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Edward Eli Saleeby, III, Appellant,

v.

South Carolina Department of Motor Vehicles and South
Carolina Department of Public Safety, Respondents.

Appellate Case No. 2013-002081

―――――――――

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

―――――――――

Unpublished Opinion No. 2015-UP-106
Submitted December 1, 2014 – Filed March 4, 2015

―――――――――

**AFFIRMED**

―――――――――

John S. Nichols and John Clarke Newton, both of
Bluestein Nichols Thompson & Delgado, LLC, of
Columbia; and Christopher Joshua Scott, of Saleeby &
Cox, PA, of Hartsville, for Appellant.

Frank L. Valenta, Jr., Linda Annette Grice, and Philip S.
Porter, all of the South Carolina Department of Motor
Vehicles, of Blythewood, for Respondents.

―――――――――

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann. § 56-5-2951(A) (Supp. 2009) ("The Department of Motor Vehicles shall suspend the driver's license . . . [of] a person who drives a motor vehicle and refuses to submit to a test provided for in Section 56-5-2950 . . . ."); S.C. Code Ann. § 56-5-2950(A) (Supp. 2009) ("If the [arresting] officer has reasonable suspicion that the person is under the influence of drugs other than alcohol . . . the officer may order that a urine sample be taken for testing."); *S.C. Dep't of Motor Vehicles v. Nelson*, 364 S.C. 514, 526, 613 S.E.2d 544, 550 (Ct. App. 2005) (holding the scope of an implied consent hearing is limited to whether the arrestee "(1) was lawfully arrested, (2) was advised in writing of his section 56-5-2950 rights, and (3) refused to submit to a test").

**AFFIRMED.**[1]

**FEW, C.J., and THOMAS and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.